William C. Hecht, Jr., J.
Petitioner seeks an order setting-aside a determination of the State Rent Administrator which reduced the rent of each of the tenants of the building*, 160 E. 48 St., New York City, by $2 per month for a building-wide total of $7,032 per annum. Respondent’s action was based on the ground that the denial by petitioner to tenants of the courtyard access to several stores opening onto an arcade in the building constitutes a decrease in services.
It is not deemed necessary to review here the entire history of the proceedings between the parties, dating from petitioner’s application to convert certain manually operated elevators to automatic control or the previous orders issued by respondent in connection therewith.
The reasons advanced by respondent for the order under review and petitioner’s claim that the Administrator’s action was unwarranted, backed by its arguments in support of its position result, briefly, in the issue of whether the elimination of access to the stores in question constitutes the discontinuance of a convenience or the deprivation of an essential service.
From an analysis of this record it is, in my opinion, fair to conclude that closing the rear doors of the stores does not result in a reduction in the essential services to which the tenants were entitled. I agree with petitioner that at most it involves discontinuance of easy access and makes it necessary for tenants to go around the building- to get into the stores.
The situation here, while not analogous to that which existed in Matter of Edgar Ellinger, Inc., v. McGoldrick (281 App. Div. 821), and in Matter of Willey v. Abrams (141 N. Y. S. 2d 643), may however be said to fall within the purview of the holdings in those cases with respect to what may be considered the elimination of an essential service.
Consequently the motion is granted and the determination is annulled. Settle order.